UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| YAN SUI, PEI-YU YANG, | ) |
| | ) |
| Plaintiffs, | ) No. SACV 13-1607 JAK (AJW) |
| | ) |
| v. | ) |
| | ) ORDER TO SHOW CAUSE |
| RICHARD A. MARSHACK, et al., | ) RE CONTEMPT |
| | ) |
| Defendants. | ) |
| | ) |

Defendants Richard A. Marshack ("Marshack" or "Trustee"), Marshack Hays LLP, Clarence Yoshikane ("Yoshikane"), and Pickford Real Estate, Inc. dba Berkshire Hathaway Home Services California Properties, erroneously sued as Prudential Real Estate Corp. ("Prudential") (collectively, the "Trustee defendants") filed a motion for the issuance of an order to show cause ("OSC") regarding contempt. [Docket No. 121]. The Trustee defendants request an order directing plaintiffs to show cause why they should not be found in contempt of the July 23, 2104 order accepting the Report and Recommendation and dismissing plaintiffs' claims against the Trustee defendants (the "dismissal order"). [See Docket Nos. 96, 99]. Specifically, the Trustee defendants contend that in filing a new action in district court against the Trustee defendants, among others, on January 14, 2015 (Yan Sui, et al. v. Richard A. Marshack, et al., SACV 15-00059 JAK (AJWx) ("Marshack II"), plaintiffs violated the dismissal order, which dismissed plaintiffs' claims against the Trustee defendants "in their entirety without prejudice to plaintiffs' ability to refile those claims, provided plaintiffs first obtain written leave to do so from the Bankruptcy Court." [Docket No. 96

at 8]. The Trustee defendants request a finding that plaintiffs are in civil contempt, the imposition of monetary and non-monetary sanctions to coerce plaintiffs' voluntary dismissal of Marshack II as to them, and an award of monetary sanctions to compensate the Trustee defendants for their attorneys' fees and costs. [See Docket No. 121 at 2].

Plaintiffs filed opposition to the motion, and defendants filed a reply. [Docket Nos. 130, 131].

**Legal standard**

A magistrate judge's contempt authority is governed by statute. See 28 U.S.C. § 636(e)(1).[1] When a magistrate judge is authorized to hear pretrial matters pursuant to section 636(b)(1), as in this action, the magistrate judge's contempt authority is defined by section 636(e)(6)(B)(i)-(iii). Under section 636(e)(6)(B)(iii), a magistrate judge considering whether an act or conduct may constitute a civil contempt "shall forthwith certify the facts to a district judge," and "may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii). If a magistrate judge so certifies the facts and issues an order to show cause, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B)(iii). See Grimes v. City and Cnty. of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) ("28 U.S.C. § 636, which governs the jurisdiction and powers of magistrates, requires a magistrate to refer contempt charges to a district court judge.") (citing 28 U.S.C. § 636(e)); United States v. Ritte, 558 F.2d 926, 927 (9th Cir. 1977) (per curiam) ("[C]ontemptuous acts committed in the presence of a magistrate or related to proceedings before a magistrate must be referred to a district judge for adjudication. ").

The Trustee defendants' motion is **granted in part and denied in part.** The motion **granted** insofar as the following facts relevant to the determination of the issue of whether plaintiffs are in contempt are certified to the district judge, and plaintiffs are ordered to show cause before the district judge as described at the conclusion of this order. The motion is **denied in part without prejudice** in that the Trustee

---

[1] All references to the United States Code are to Title 28 unless otherwise indicated.

defendants' request for a finding of contempt and for the imposition of sanctions for contempt must be heard and determined by the district judge, rather than by the magistrate judge.

**Facts regarding contempt**

On October 15, 2013, plaintiffs Yan Sui ("Sui") and Pei-yu Yang ("Yang") paid the filing fee and filed a pro se complaint for damages, injunctive relief, and declaratory relief (the "Complaint") against the Trustee defendants, Office of the United States Trustee ("U.S. Trustee's Office"), Wells Fargo Bank, N.A. ("Wells Fargo"), and 2176 Pacific Homeowners Association ("Pacific HOA"). [See Docket No. 1].

The complaint alleges that "all of the alleged acts" in the complaint "were committed in bankruptcy settings," and that this action "is not a core proceeding concerning the administration of the bankruptcy estate because all Chapter 7 creditors were fully paid as of 3/28/2012." [Complaint 2]. In general, the complaint seeks relief for injury to plaintiffs' property and persons allegedly caused by defendants arising from the filing of Sui's Chapter 7 bankruptcy petition, the administration of the bankruptcy estate, procedural events within the bankruptcy case, and the Trustee's actions with respect to Sui's alleged "surplus estate."[2] [Complaint 2]. Plaintiffs allege that the Trustee defendants violated their rights in connection with: (1) the Trustee's settlement, on behalf of the bankruptcy estate, of four civil actions filed by plaintiffs in state court against Pacific HOA and others [Complaint 6-8, 16]; (2) the Trustee's filing of two adversary proceedings against Yang, resulting in an order authorizing the Trustee to sell a house plaintiffs contend is not properly part of the bankruptcy estate [Complaint 7-8, 10, 12-14]; (3) the Trustee defendants' "unlawful" listing and marketing of the house for sale [Complaint 7-8]; and (4) additional actions allegedly undertaken by the Trustee defendants to prevent Sui from leaving Chapter 7 and to convert Sui's "surplus estate" into property of the estate that defendants could use for their own gain. [Complaint 8-9, 11-13].

The complaint alleges the following claims for relief against one or more of the Trustee defendants:

---

[2] The Court takes judicial notice of the docket and court file in Sui's bankruptcy case, In re Yan Sui, United States Bankruptcy Court, Central District of California (Santa Ana), Case No. 11-bk-20448-CB ("In re Yan Sui"). See Fed. R. Evid. 201; Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks omitted).

(1) negligence; (2) common law fraud; (3) civil conspiracy to convert; (4) intentional infliction of emotional distress; (5) abuse of process; (6) legal malpractice; (7) breach of fiduciary duty; (8) Racketeer Influenced and Corrupt Organizations Act ("RICO"); (9) "attempted violation" of the Fifth Amendment; and (10) "attempted violation" of 42 U.S.C. § 1983. [Complaint 8-19]. The complaint also includes requests for injunctive and declaratory relief against Marshack, Prudential Realty, and Yoshikane. [Complaint 19-20].

On June 20, 2014, a Report and Recommendation ("Report") was filed. The Report explained that under the "Barton doctrine," a party must "obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." [Docket No. 99 at 4-5 (citing In re Crown Vantage, Inc., 421 F.3d 963, 970 (9th Cir. 2005))]. The Report concluded that under the Barton doctrine,

> this court lacks subject matter jurisdiction over plaintiffs' federal and state law claims against the Trustee because those claims arise from the Trustee's conduct in his official capacity as the trustee in Yan Sui's Chapter 7 bankruptcy case. This court also lacks subject matter jurisdiction over plaintiff's claims against Marshack Hays LLC, Yoshikane, and Prudential Realty because the Bankruptcy Court issued orders approving the Trustee's application to employ Marshack Hays LLC as his special litigation counsel and general counsel, as well as the Trustee's application to employ "Clarence Yoshikane of Prudential California Realty as the estate's Real Estate Agent ("Agent") . . . ."

[Docket No. 96 at 5-6 (internal citations omitted)]. The Report recommended that:

> (1) the Trustee defendants' motion to dismiss for lack of subject matter jurisdiction (docket no. 18) be granted; (2) plaintiffs' claims against the Trustee defendants be dismissed in their entirety without prejudice to plaintiffs' ability to refile those claims, provided plaintiffs first obtain written leave to do so from the Bankruptcy Court; (3) plaintiffs' claims against the U.S. Trustee's Office be dismissed with prejudice; (4) the Trustee defendants' special motion to strike plaintiffs' state law claims (docket no. 16) be denied as moot; and (5) plaintiff Yan Sui's motion to strike portions of Goodrich's declaration (docket no. 33) be denied as moot.

4

[Docket No. 99 at 8].

Plaintiffs filed objections to the Report, and the Trustee defendants filed a response. [Docket Nos. 97, 98]. On July 23, 2014, the district judge issued an order accepting the Report. [Docket No. 99]. Accordingly, on July 23, 2104, plaintiffs' claims against the Trustee defendants were "dismissed without prejudice to plaintiffs' ability to refile those claims, provided plaintiffs first obtain written leave to do so from the Bankruptcy Court." [Docket Nos. 96, 99].

Plaintiffs appealed the dismissal order. The Ninth Circuit's mandate dismissing the appeal for lack of jurisdiction was filed on October 24, 2014. [See Docket Nos. 101, 102, 103, 106, 107, 108, 109].

On November 10, 2014, the Bankruptcy Appellate Panel of the Ninth Circuit filed an unpublished disposition vacating and remanding a pre-filing order filed by the Bankruptcy Court in In re Yan Sui on December 19, 2013. The Bankruptcy Appellate Panel explicitly raised the possibility that plaintiffs could be held in contempt for violating the dismissal order:

> When the bankruptcy court entered the Pre-Filing Order here, Appellants [Sui and Yang] already had an action pending against the Trustee and his professionals in district court. During the pendency of this appeal, that action was dismissed by the district court for lack of subject matter jurisdiction based on the Barton doctrine. The magistrate judge's recommendations, adopted by the district court, included dismissal of Appellants' claims against [the] Trustee and his professionals in their entirety without prejudice to Appellants' ability to refile the claims, "provided [Appellants] first obtain written leave to do so from the Bankruptcy Court." Arguably, if Appellants fail to seek leave from the bankruptcy court before filing another such action in the district court, they will be in contempt of the district court's dismissal order.

Yan Sui, et al. v. Richard A. Marshack, et al., No. CC-13-1572-TaSpD, slip op. at 22 (9th Cir. B.A.P. Nov. 10, 2014) (internal citation and ellipsis omitted). Therefore, prior to filing the complaint in Marshack II on January 14, 2015, plaintiffs were on notice that violation of the dismissal order might lead to a finding of contempt.

Plaintiffs filed their complaint in Marshack II on January 14, 2015. In addition to naming the

5

Trustee defendants, the Office of the United States Trustee, Wells Fargo, and Pacific HOA as defendants in both this action and Marshack II, the Marshack II complaint names as defendants United States Bankruptcy Judge Catherine E. Bauer; several individual members of one of the Trustee defendants, the law firm Marshack Hays LLP (D. Edward Hays, Judith E. Marshack, Chad V. Haes, Martina A. Slocomb, and Chanel Mendoza (the "Marshack Hays LLP lawyers")); Nancy Goldberg, the "head of the Office of the U.S. Trustee"; David M. Goodrich, Jess R. Bressi, and R. C. Stottlemeyer, all lawyers who serve or have served as counsel for the Trustee in actions involving Sui or Yang; Scottsdale Insurance Co., a company that allegedly improperly filed a claim in Sui's bankruptcy; and the United States Marshals Service, a federal agency. [Marshack II, Docket No. 1 at 2-4].

The complaint in Marshack II alleges that the action: (1) was filed "to recover damages caused by Richard A. Marshack and his associate attorneys of his firm of [Marshack Hays LLP]"; (2) "arises in and relates to the dealings between Plaintiffs and Defendants during Chapter 7 without Chapter 7 creditor after 3/28/2012"; (3) "is not a core proceeding concerning the administration of the bankruptcy estate"; and (4) "seeks to redress Defendants acts[] as alleged below." [Marshack II, Docket No. 1 at 2]. Plaintiffs' claims against the Trustee defendants in Marshack II arise from the many of the same facts alleged in Marshack I, and all of those claims arise from the Trustee defendants' conduct in connection with Sui's bankruptcy case and administration of the bankruptcy estate. Plaintiffs allege, for example, that Marshack violated their Eighth Amendment rights by subjecting Sui and Yang to "excessive punishment" in connection with defendants' administration of the bankruptcy estate and Sui's "surplus estate," payment of administrative claims and fees, reconverting Sui's Chapter 13 case to a Chapter 7 case, settling Sui's state court claims against Pacific HOA, attempting to "wipe out" Sui's "surplus estate," and threatening to sell plaintiffs' house and evict plaintiffs. [Marshack II, Docket No. 1 at 7-8]. Plaintiffs allege that Marshack and the Marshack Hays LLP attorneys violated plaintiffs' Fifth Amendment rights in connection with bankruptcy-court approved payment of fees to the Trustee defendants and to the Marshack Hays LLP lawyers, and that in so doing defendants harmed Sui's "surplus estate." [Marshack II, Docket No. 1 at 8-11]. Plaintiffs allege that Marshack and the Marshack Hays LLP lawyers filed "false claims" in violation of the False Claims Act, 31 U.S.C. § 3729 et seq. in connection with various matters related to Sui's bankruptcy case and

6

administration of the bankruptcy estate. [Marshack II, Docket No. 1 at 8-11]. Plaintiffs allege that the Marshack Hays LLP lawyers committed RICO violations by preventing Sui from leaving Chapter 7 so they could generate additional fees. [Marshack II, Docket No. 1 at 20-21]. Plaintiffs allege that Marshack violated plaintiffs' rights under 42 U.S.C. §§ 1983, 1985, and 1988 by attempting to take Sui's surplus estate and violate his rights in personal property, and by denying plaintiffs access to federal courts. [Marshack II, Docket No. 1 at 22-26].

As noted above, the Report filed in Marshack I concluded that this court lacks subject matter jurisdiction over plaintiffs' claims against the Trustee defendants because plaintiffs' claims against the Trustee arise from the his conduct in his official capacity as the trustee in Sui's Chapter 7 bankruptcy case, and because defendants Marshack Hays LLC, Yoshikane, and Prudential Realty were professionals employed by the Trustee with the approval of the Bankruptcy Court. [Docket No. 96 at 5-6 (internal citations omitted)]. The claims against the Trustee defendants in Marshack II also arise from the conduct of the Trustee in his official capacity as the Chapter 7 trustee in Sui's bankruptcy case and from the conduct of the Trustee's professionals. Therefore, plaintiffs were required to obtain written leave from the Bankruptcy Court before filing Marshack II against the Trustee defendants. The Court takes judicial notice of the docket sheet in In re Yan Sui, which contains no indication that before filing Marshack II against the Trustee defendants in this court, plaintiffs obtained written leave to do so from the Bankruptcy Court.

The foregoing facts warrant issuance of an order to show cause why plaintiffs "should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii). Defendants shall set and notice a hearing on the order to show cause before District Judge John A. Kronstadt.

**IT IS SO ORDERED.**

March 3, 2015

ANDREW J. WISTRICH
United States Magistrate Judge

7