UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| YAN SUI, PEI-YU YANG, | ) |
| Plaintiffs, | ) Case No. SACV 13-1607 JAK (AJW) |
| v. | ) |
| RICHARD A. MARSHACK, et al., | ) ORDER TO SHOW CAUSE |
| | ) RE CONTEMPT |
| Defendants. | ) |

In his capacity as the trustee in plaintiff Yan Sui's ("Sui's") Chapter 7 bankruptcy case, defendant Richard A. Marshack (the "Trustee") filed a notice of motion and motion for the issuance of a second order to show cause ("OSC") regarding contempt against Sui. The Trustee contends that Sui should be held in civil contempt for filing an action in this court against the Trustee and his court-approved litigation counsel[1] without first obtaining leave of the bankruptcy court, in violation of the July 23, 2014 order (the "Dismissal Order") accepting the Report and Recommendation filed on June 20, 2014 ("Report"). [See Docket Nos. 96, 99, 181[2]]. The Trustee requests issuance of an order directing Sui to show cause why he should not be found in contempt of court for violating the Dismissal Order, an order finding Sui in contempt of the Dismissal Order, an award of monetary and non-monetary sanctions to coerce Sui's dismissal of the Third

---

[1] See Yan Sui v. Wells Fargo Bank, N.A., et al., SACV 16-00223 JAK (AJW) (the "Third Action").

[2] All citations to the court's docket are to the docket in this action unless otherwise noted.

Action, and an award of attorneys' fees and costs against plaintiff. [Docket No. 181]. Sui filed opposition to the motion. [Docket No. 185]. The Trustee filed a reply. [Docket No. 186].

**Legal standard for issuance of an OSC**

Although a magistrate judge is authorized to hear pretrial matters, the magistrate judge's authority concerning contempt proceedings is limited. See 28 U.S.C. §§ 636(b)(1), 636(e)(6)(B)(i)-(iii). After considering whether an act or conduct may constitute a civil contempt, a magistrate judge "shall forthwith certify the facts to a district judge," and "may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii). If a magistrate judge certifies such facts and issues an order to show cause, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B)(iii). As the Fourth Circuit has explained:

> [T]he certificate of facts forwarded by the magistrate to the district court shall be considered the statement of a prima facie case. Thus, if there is nothing else appearing before the district court and the certified facts, if true, will support a violation, then the district court may, if it deems the burden of persuasion to have been satisfied, find a party in contempt.

Proctor v. State Gov't of N. Carolina, 830 F.2d 514, 521 (4th Cir. 1987).

**Procedural and factual background**

On October 15, 2013, plaintiffs filed this action against the Trustee, Marshack Hays LLP, Clarence Yoshikane, Pickford Real Estate, Inc. dba Berkshire Hathaway Home Services California Properties, erroneously sued as Prudential Real Estate Corp. (collectively, the "Trustee Defendants"), Office of the United States Trustee, Wells Fargo Bank, N.A. ("Wells Fargo"), and 2176 Pacific Homeowners Association. [See Docket No. 1]. Plaintiffs sought damages, injunctive relief, and declaratory relief against the Trustee Defendants based on alleged conduct that occurred during the bankruptcy proceedings. The Trustee Defendants filed a motion to dismiss. On June 20, 2014, the Report was filed recommending that the motion to dismiss be granted. It explained that under the "Barton doctrine," a party must "obtain leave of the

bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." [Docket No. 99 at 4-5 (citing Beck v. Fort James Corp. (In re Crown Vantage, Inc.), 421 F.3d 963, 970 (9th Cir. 2005))]. See Barton v. Barbour, 104 U.S. 126 (1881). The Report concluded that

> this court lacks subject matter jurisdiction over plaintiffs' federal and state law claims against the Trustee because those claims arise from the Trustee's conduct in his official capacity as the trustee in Yan Sui's Chapter 7 bankruptcy case. This court also lacks subject matter jurisdiction over plaintiff's claims against Marshack Hays LLC, Yoshikane, and Prudential Realty because the Bankruptcy Court issued orders approving the Trustee's application to employ Marshack Hays LLC as his special litigation counsel and general counsel, as well as the Trustee's application to employ "Clarence Yoshikane of Prudential California Realty as the estate's Real Estate Agent ("Agent") . . . ."

[Docket No. 96 at 5-6 (internal citations omitted)].

On July 23, 2014, the Dismissal Order was filed accepting the Report and granting the motion to dismiss. [Docket No. 99]. Plaintiffs' claims against the Trustee Defendants were "dismissed without prejudice to plaintiffs' ability to refile those claims, provided plaintiffs first obtain written leave to do so from the Bankruptcy Court." [Docket Nos. 96, 99].

Plaintiffs appealed the Dismissal Order. In October 2014, the Ninth Circuit dismissed the appeal for lack of jurisdiction. [See Docket Nos. 101, 102, 103, 106, 107, 108, 109].

Another proceeding was then pending before the Bankruptcy Appellate Panel. On November 10, 2014, the Bankruptcy Appellate Panel filed its memorandum vacating and remanding a pre-filing order issued by the bankruptcy court on December 19, 2013. The Bankruptcy Appellate Panel warned that plaintiffs could be held in contempt for violating the Dismissal Order:

> When the bankruptcy court entered the Pre-Filing Order here, Appellants [Sui and his co-plaintiff in this action, Pei-Yu Yang ("Yang")] already had an action pending against the Trustee and his professionals in district court. During the pendency of this appeal, that action was dismissed by the district court for lack of subject matter jurisdiction based on the Barton doctrine. The magistrate judge's recommendations, adopted by the district court,

3

included dismissal of Appellants' claims against [the] Trustee and his professionals in their entirety without prejudice to Appellants' ability to refile the claims, "provided [Appellants] first obtain written leave to do so from the Bankruptcy Court." Arguably, if Appellants fail to seek leave from the bankruptcy court before filing another such action in the district court, they will be in contempt of the district court's dismissal order.

Yan Sui, et al. v. Richard A. Marshack, et al., No. CC-13-1572-TaSpD, slip op. at 22 (9th Cir. B.A.P. Nov. 10, 2014) (internal citation and ellipsis omitted).

Plaintiffs Sui and Yang filed the Second Action against the Trustee Defendants and others on January 14, 2015. See Yan Sui, et al. v. Richard A. Marshack, et al., SACV 15-59 JAK (AJW) (the "Second Action"). The Trustee Defendants filed a motion for issuance of an OSC regarding contempt and a request for attorneys' fees on the ground that plaintiffs violated the Dismissal Order by filing of the Second Action without first obtaining leave from the bankruptcy court. [Docket No. 121, 122]. The motion for an OSC was granted. [Docket No. 139]. After a show cause hearing, an order was filed finding Sui and Yang in civil contempt, directing them to dismiss the Second Action, dismissing the Second Action with prejudice when they failed to do so, and awarding attorneys' fees to the Trustee Defendants. [See Docket Nos. 166-167, 175, 179].

On April 10, 2015, final judgment was entered dismissing this action in part with prejudice and in part without prejudice. Plaintiffs' claims against the Trustee Defendants were dismissed "without prejudice to plaintiffs' ability to refile those claims, provided plaintiffs first obtain written leave to do so from the Bankruptcy Court." [Docket Nos. 151, 152]. Plaintiffs appealed. [Docket Nos. 157, 158]. The Ninth Circuit affirmed the judgment in a memorandum filed on May 18, 2017. [Docket No. 191]. Among other things, the Ninth Circuit held that "the district court properly dismissed plaintiffs' claims against the [Trustee] because plaintiffs neither sought leave to sue the [T]rustee from the bankruptcy court nor alleged facts sufficient to show that the [T]rustee acted outside the scope of his official capacity." [Docket No. 191 at 2 (citing In re Crown Vantage, Inc., 421 F.3d at 970)]. The Ninth Circuit's mandate was filed on June 9, 2017. [Docket No. 193].

On February 9, 2016, after both this action and the Second Action had been dismissed, Sui filed the Third Action against, among others, Dentons US LLP ("Dentons") and Jess R. Bressi ("Bressi"). Dentons

is the successor by merger of the law firm McKenna Long & Aldridge LLP, which was employed by the Trustee pursuant to an order of the bankruptcy court as special litigation counsel to defend district court litigation filed by Sui. [See Docket Nos. 177 at 2, Docket No. 183, Exhibit 16 at 322-323[3]]. Bressi, who was also a named defendant in the Second Action, is a Dentons partner and is the Trustee's counsel of record in this action. [See Docket No. 177 at 2].

The Court takes judicial notice of the docket in Sui's Chapter 7's bankruptcy case, which shows no order or other written authorization by the bankruptcy court granting Sui prior leave to file the Third Action. [See Docket No. 183, Exhibit 13]. The complaint filed by Sui in the Third Action (the "Third Action Complaint") alleges that the acts on which that complaint is based "were committed based on an unsigned complaint filed with the" bankruptcy court and the bankruptcy court's "orders issued from and under such complaint." [Third Action Complaint 2]. The Third Action "seeks remedies against the named Defendants for their acts and inaction after the date of 1/15/2015 in relationship to the sale of the subject property. Plaintiffs have two prior related lawsuits redressing [sic] their acts before 1/15/2015." [Third Action Complaint 2]. Additional allegations in the complaint establish that the "sale of the subject property" refers to the sale of plaintiffs' former residence, 2176 Pacific Avenue, #C, Costa Mesa, California (the "Property"), by or at the behest of the Trustee pursuant to an order of the bankruptcy court, as well as the eviction of Sui, Yang, and their children from the Property by the United States Marshals Service ("USMS") in connection with the sale. [Third Action Complaint 2-3, 5-11, 15-17; Docket No. 183 at p. 297 (copy of June 4, 2015 bankruptcy court order granting the Trustee's motion for an order authorizing sale of the Property)]. The Third Action Complaint alleges that the proceeds of that sale were used to pay defendant Wells Fargo, the mortgage lender on the Property, pursuant to a proof of claim filed by Wells Fargo in Sui's bankruptcy proceeding. Other allegations in the Third Action Complaint appear to challenge applications for, or awards of, attorneys' fees filed on the Trustee's behalf by Dentons or Bressi in connection with the Trustee's defense of actions filed by plaintiffs in district court. [See. e.g., Third Action Complaint 11-12].

---

[3] The Trustee Defendants' Request for Judicial Notice [Docket No. 183] ("RJN")] of various court filings, court orders, and court docket sheets is **granted**. Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

Briefly summarized, the following claims for relief are alleged in the Third Action Complaint: (1) Fourth Amendment claim against all defendants for an unlawful taking under "void" court orders and warrantless entry by the USMS in connection with plaintiffs' eviction; (2) Fifth Amendment claim against all defendants for violating Sui's "surplus estate post-discharge" by taking plaintiffs' property without proper compensation and by means of the "contempt proceeding"; (3) Fourteenth Amendment claim against all defendants for taking plaintiff's property without due process of law; (4) claim for violation of 15 U.S.C. § 1601(a), against Wells Fargo only; (5) claim for violation of 15 U.S.C. § 1621(a), against Wells Fargo only; (6) claim for violation of 15 U.S.C. § 1635, against Wells Fargo only; (7) claim for violation of 15 U.S.C. § 1692 et seq., against Wells Fargo only; (8) claim for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964, against Dentons because it was "not legally entitled to recover" any attorneys' fees, and against King and Chace because they profited from "void" bankruptcy court orders in selling the Property, earning a commission, and reselling the Property; (9) claim for violation of 42 U.S.C. § 1983 against all defendants for taking plaintiffs' property under void bankruptcy court orders, using invalid foreclosure proceedings, and paying a "null and void" proof of claim; (10) defamation claim against the United States Trustee, Bressi, Dentons, and Wells Fargo based on Wells Fargo's wording of a deed of trust and allegations of "bad faith" by the United States Trustee and Dentons made in the bankruptcy court context; (11) wrongful foreclosure claim against all defendants; (12) slander of title claim against Wells Fargo, "U.S. Government Agencies," King, and Chace, in connection with the handling of Wells Fargo's proof of claim in bankruptcy court and the sale of the Property; (13) quiet title claim against Wells Fargo, "U.S. Government Agencies," King, and Chace, on the ground that only Sui and Yang had or have any right, title, or interest in the Property; and (14) claim for intentional infliction of emotional distress against all defendants based on their "outrageous conduct" that caused plaintiffs and their family members to suffer severe emotional distress. Sui seeks injunctive relief against Wells Fargo, the United States Trustee, and King to prevent transfer of the property from King to a purchaser. He also seeks declaratory relief against all defendants to declare defendants' conduct unlawful, to void the sale of the Property, and to allow plaintiffs to recover it with an award of damages. [Third Action Complaint 18-36].

Sui did not obtain leave to file the Third Action from the bankruptcy court, nor does the Third Action

Complaint allege facts sufficient to show that the alleged conduct of the Trustee (who is not a named defendant), Dentons, or Bressi fell outside scope of their official capacity in administering or liquidating the bankruptcy estate or in acting as the Trustee's court-appointed counsel in connection with the Trustee's administration or liquidation of the bankruptcy estate. To the contrary, the allegations in the Third Action Complaint demonstrate that the Trustee, Dentons, and Bressi were acting in their official capacity as the Chapter 7 trustee in Sui's bankruptcy case and the Trustee's counsel, respectively. See In re Crown Vantage, Inc., 421 F.3d at 971, 972 ("The requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court. . . ."[L]iquidating the assets of the [bankruptcy] estate . . . is precisely the type of activity that the Barton doctrine was designed to protect."); Benton v. Cory, 2010 WL 5056018, at *5 (D. Nev. Dec. 3, 2010) (rejecting the argument that the Barton doctrine was inapplicable because the bankruptcy trustee and his counsel "were acting beyond the scope of a trustee's authority" in "creating a forced settlement agreement and conspiring with other Defendants to deprive [the plaintiff] of his statutory exemptions," and explaining that "each alleged misdeed falls squarely within" the duties of the bankruptcy trustee and his court-appointed counsel), aff'd, 474 Fed. Appx. 922 (9th Cir. 2013).

Sui advances several irrelevant, frivolous, or meritless arguments in opposition to the Trustee's motion for an OSC. Sui argues that the district court merely credited as true the Trustee's statements that the Third Action concerned the "bankrupt [sic] estate," lacked any evidence establishing the existence of the bankruptcy estate, and improperly rejected Sui's "evidence" that no bankruptcy estate was created or existed for the Trustee to administer. Sui further contends that the Property was not part of the bankruptcy estate, that the mortgage loan on the Property "is not encompassed by bankruptcy code," that the Property was sold pursuant to a foreclosure under state law unrelated to his bankruptcy proceeding, and that this Court "abandoned 'bankrupt estate'" in its Order to Show Cause re Contempt filed March 3, 2015. [Docket No. 185 at 7-9, 11-12].

Those contentions are frivolous. The Court has taken judicial notice of the filing of Sui's bankruptcy proceeding, which created a bankruptcy estate as a matter of law. See generally 11 U.S.C. § 541(a) (defining the property of the bankruptcy estate); In re Fitzsimmons, 725 F.2d 1208, 1210 (9th Cir. 1984)

(stating that when the debtor "filed his petition for bankruptcy relief, an estate was created," and noting that "[t]he scope of the [bankruptcy] estate is broad."). The Court also takes judicial notice of an order filed by the bankruptcy court on June 4, 2015 granting the Trustee's motion to sell the Property and stating as follows:

> 1. The Motion is granted EXCEPT that Buyer's Broker is now John Chace, or his nominee.
> 2. The sale of the property commonly known as 2176 Pacific Avenue #C, Costa Mesa, California ("Property") is free and clear of all liens, claims, and interests specifically including:
>     A. Notice of Pendency of Action recorded on November 8, 2010 as Instrument No. 10-592215.
> 3. Neither Yan Sui nor Pei-yu Yang shall assert any lien, claim, or interest in the Property in violation of of this order may be adjudicated to be contempt. Nothing in this paragraph bars or limits any motion for reconsideration or appeal of this order or any motion requesting a stay of this order.

[See Docket No. 183, Ex. 1 at 63 (In re Yan Sui, Docket No. 357)]. That order establishes that the Trustee's sale of the Property was an act within his official capacity, and that the sale was a liquidation of bankruptcy estate assets rather than a state law non-judicial foreclosure, as Sui contends.

Since, moreover, the Ninth Circuit affirmed the dismissal of plaintiff's claims against the Trustee Defendants in this action under the Barton doctrine, Sui's contention that the Barton doctrine cannot apply because no bankruptcy estate was created or existed for the Trustee to administer is frivolous. [See Docket Nos. 191-193].

Sui contends that his failure to obtain leave from the bankruptcy court to file the Third Action falls within an exception to the Barton doctrine "under which leave is not required before suing a trustee," and that such an exception applies because, among other things, the Trustee "acted beyond the scope of his authority." [Docket No. 185 at 9-10]. Since the allegations in the Third Action Complaint fail to demonstrate that the Trustee or his counsel acted beyond the scope of their authority, that contention fails.

Sui contends that the Trustee makes a "technical argument without support" because the bankruptcy

estate "is closed by the discharge[.]" [Docket No. 185 at 10]. Since the <u>Barton</u> doctrine applies irrespective of whether a bankruptcy case is open or closed, that argument lacks merit. <u>See</u> <u>In re Crown Vantage</u>,, 421 F.3d at 972.

Sui contends that the acts of the "government and his agent, the Trustee" in filing an adversary action in bankruptcy court to avoid Sui's quitclaim of his interest in the Property to Yang were unlawful for various reasons, that various bankruptcy court and district court orders are invalid and void, and that Dentons and Bressi were not entitled to recover attorneys' fees awarded to them. [Docket No. 185 at 14-21]. Those contentions have no bearing on the merits of the Trustee's motion and need not be addressed.

The Trustee's motion for an OSC has merit. The facts described above are certified to the district judge and warrant issuance of an order directing Sui to show cause why he "should not be adjudged in contempt by reason of the facts so certified" for failing to obtain leave from the bankruptcy court before filing the Third Action. 28 U.S.C. § 636(e)(6)(B)(iii). Accordingly, the Trustee's motion for an order directing Sui to show cause why he should not be found in contempt is **granted.** The Trustee's motion for an order finding Sui in contempt and awarding sanctions is **denied without prejudice** because those matters must be heard and determined by the district judge. The Trustee shall set and notice a hearing on the OSC before District Judge John A. Kronstadt.

**IT IS SO ORDERED.**

September 13, 2017

_____
ANDREW J. WISTRICH
United States Magistrate Judge